FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2010 SEP 16 PM 12:02
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAMIS FELLOVE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 310-058 |
| | ) | |
| FEDERAL BUREAU OF PRISONS and | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA,[1] | ) | |
| | ) | |
| Respondents. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, brought the captioned petition under 28 U.S.C. § 2241. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.[2]

I. **BACKGROUND**

Petitioner was convicted in the United States District Court for the Southern District of Florida of one count of conspiracy to possess 5 kilograms or more of cocaine with the

---

[1] In as much as Petitioner seeks transfer from confinement at MCF, the proper party respondent in this action should be Petitioner's immediate custodian, in this case Walt Wells, Warden at McRae Correctional Facility. Rumsfeld v. Padilla, 524 U.S. 426, 434-35 (2004). The Clerk is **DIRECTED** to add "Walt Wells, Warden" as a respondent in this case.

[2] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

intent to distribute, and one count of using, carrying, or possessing a firearm during and in relation to a federal drug trafficking crime. (Doc. no. 1, p. 2.) He was sentenced on February 13, 2003, to 180 months of imprisonment. (Id.)

The Bureau of Prisons ("Bureau") has assigned Petitioner to MCF. Petitioner states that he is hearing impaired, and that while at MCF, he has not been provided with a sign language interpreter. (Id. at 6.) In addition, Petitioner argues that he has been improperly designated a deportable alien, when in fact he "resides in the U.S.A. as a Lawful and Permanent resident." (Id.) The Bureau of Immigration and Customs Enforcement ("BICE") has issued a detainer on Petitioner. (Id. at 16.) Though Petitioner does not mention his BICE detainer in his petition, its existence is confirmed in the documentation he attached to the petition, and he makes no claims regarding its validity or lack thereof. (Id.) Petitioner further contends that because of his designated immigration status, he has been unable to participate in the Residential Drug Abuse Treatment Program ("RDAP") and take advantage of the possibility of early release upon its completion, whereas similarly situated prisoners who are citizens have the opportunity to participate in the RDAP and qualify for early release if they successfully complete it. (Id. at 8.) Finally, Petitioner challenges the legality of his incarceration at MCF, arguing that only inmates convicted under District of Columbia law may be held in privately operated facilities such as MCF.[3]

The Court also notes that the instant petition is substantially similar to a previous petition filed by Petitioner in this District in November 2009. See Fellove v. Wells, CV

---

[3] MCF is a private correctional facility operated by the Corrections Corporation of America ("CCA") under contract with the Bureau.

309-086 (S.D. Ga. Nov. 9, 2009) (hereinafter "CV 309-086"). The previous petition was dismissed by order of the Honorable Dudley H. Bowen, U.S. District Judge, on February 8, 2010. Id. at doc. no. 5. The primary difference between the previous and current petitions is that, unlike before, Petitioner has asserted his status as a legal permanent resident who is unlikely to be deported. Furthermore, he has now disputed the legality of his imprisonment at MCF on the basis that he was not convicted under the District of Columbia Code and has provided documentation of his prior exhaustion of administrative remedies.[4]

## II. DISCUSSION

### A. Proper Respondent

Petitioner named the Bureau and the CCA as Respondents in this case. However, the Bureau and the CCA are not proper respondents because, in a habeas proceeding, the case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965). Thus, Walt Wells, Petitioner's custodian by virtue of his position as Warden at McRae, is the proper Respondent. Therefore, the Court **REPORTS** and **RECOMMENDS** that the Bureau and the CCA be **DISMISSED**.

### B. Challenge to Conditions of Confinement

As was the case with his previous petition, Petitioner's current petition fails to

---

[4] In light of the similarity between Petitioner's previous and current arguments, the Court draws liberally from its analysis of the issues presented in his previous petition, CV 308-086, which was also brought pursuant to 28 U.S.C. § 2241.

3

challenge the fact or duration of his confinement. Instead, his challenge rests on grounds that he has not been provided a sign language interpreter, that he has been denied access to the RDAP, and that he should not be incarcerated at MCF, all of which relate to the conditions and circumstances of his confinement at MCF. The sole function of habeas corpus, however, "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979), revised by 596 F.2d 658 (5th Cir. 1979).[5] "Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." Id. To the extent that a petitioner seeks relief from the conditions of his confinement, such relief "is in the form of equitably imposed restraint, not freedom from otherwise lawful incarceration." Id.; accord Stevens v. Heard, 674 F.3d 320, 323 (5th Cir. 1982).

The factual allegations raised in the instant petition challenge the conditions, rather than the fact or duration, of Petitioner's confinement. Such allegations may be appropriate in a civil rights complaint filed pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), but do not state cognizable grounds for relief in a § 2241 petition.[6] Accordingly, the petition should be dismissed for failure to allege grounds on which § 2241 relief may be granted.

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

[6] Even if Petitioner had filed under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), he still might not be entitled to relief in federal court. See Alba v. Montford, 517 F.3d 1249, 1254 (11th Cir. 2008) (holding that prisoners in a private federal facility are not entitled to Bivens relief when adequate state remedies are available).

4

### C. Merits of Petitioners Claims

In addition to the reasons for dismissal discussed above, the bulk of Petitioner's claims lack merit on their face.

#### 1. Due Process Claims

Federal prisoners do not possess a liberty interest in early release. See, e.g., Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998). Nor do they possess a constitutional right to be placed, or not to be placed, in a particular prison facility with particular amenities. McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 225 (1976). Courts have also held that prisoners have no constitutional liberty interest in rehabilitative programs. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). To the extent that Petitioner alleges a violation of his due process rights with respect to eligibility for early release, access to a substance abuse treatment program, or transferal to a different detention facility, his petition is therefore deficient in that it fails to set forth any constitutionally recognizable liberty interest. See McKune, 536 U.S. at 39; Meachum, 427 U.S. at 225; Moody, 429 U.S. at 88 n.9; Wottlin, 136 F.3d at 1036.

#### 2. Equal Protection Claim

Petitioner's argument that he has been unconstitutionally denied access to drug abuse treatment programs and early release because of his status as a non-citizen is also flawed. Excluding prisoners with BICE detainers from eligibility for sentence reduction that is contingent upon completion of a community-based substance abuse treatment program does not violate their equal protection rights. McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999). One court faced with a challenge comparable to Petitioner's reasoned as follows:

5

> The [Bureau] does not act in violation of Fifth Amendment equal protection standards in providing programs for prisoners who have a lawful right to remain in the country, whose rehabilitation is of interest to this country and the policy of this society, and in not providing programs for deportable aliens who have no right to be in the country and whom Congress has an interest in deterring from entering or returning. . . . There is no equal protection violation in different treatment of aliens as to rehabilitation and other programs. The United States may treat deportable aliens and citizens differently. There is no primary interest in reformation of deportable persons. That's an interest of the country to which they may be deported. Deterring further illegal reentry is a legitimate interest of the United States as well as saving expenses. Also, special security may be justified to avoid flight to the border. In the case of American citizens, or lawful residents, reformative programs are a worthy correctional consideration.

Ruiz-Loera v. United States, No. 00-CV-323-K, 2000 WL 33710839, at *2 (D. Utah June 23, 2000) (citations omitted); see also United States v. Tamayo, 162 F. App'x 813, 816 ("[T]here is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement.").

Furthermore, it has been established that the Bureau does not deny aliens participation in substance abuse treatment programs; rather, the Bureau denies aliens subject to BICE detainers consideration for early release on account of their completion of a residential drug abuse treatment program.[7] See 28 C.F.R. § 550.58(a)(1)(i). In addition, relevant precedent establishes that the Bureau may exclude inmates categorically from

---

[7] The Bureau's use of BICE detainers in deciding prisoners' eligibility for prison programs and early release does not offend equal protection principles. Of note, courts have routinely upheld the Bureau's consideration of BICE detainers in making classification decisions regarding inmates, including such issues as security level and eligibility for prison programs. The "detainer exclusion," which is based upon the rationale that prisoners with detainers pose an increased flight risk, does not single out aliens and does not violate the Equal Protection Clause. McLean, 173 F.3d at 1185.

consideration for early release. See Lopez v. Davis, 531 U.S. 230, 239-44 (2001) (upholding Bureau regulation categorically excluding, based upon its general discretion under the statute to grant or deny early release, prisoners convicted of otherwise nonviolent offenses that involved use of a firearm). The Bureau may aim such an exclusion at deportable aliens if it has a rational basis for its decision. See Mathews v. Diaz, 426 U.S. 67, 77 (1976).

Here, Petitioner's ineligibility for sentence reduction is a consequence of the "detainer exclusion" explained above. The Bureau does not allow inmates who are ineligible for community-based treatment, such as those subject to BICE detainers, to receive consideration for early release--irrespective of whether they complete a substance abuse treatment program. 28 C.F.R. § 550.58(a)(1)(v). Because Petitioner fails to challenge the application of the "detainer exclusion" in his case, his assertions that he is a legal permanent resident and that he is unlikely to be deported following his release provide no meaningful basis for differentiating his current petition from his previous one. Whether or not he is a legal resident, and whether or not he is likely to be deported following completion of his sentence, he is subject to a valid BICE detainer; the Bureau's consideration of that detainer in declaring him ineligible for the RDAP or early release contingent on completion of the RDAP does not violate Petitioner's right to equal protection. See McLean, 173 F.3d at 1185. The Bureau's decision to link consideration for early release with eligibility for community-based treatment has been upheld by every court to consider the issue. See, e.g., Rublee v. Fleming, 160 F.3d 213, 215-18 (5th Cir. 1998). The Bureau's decision here to deny Petitioner consideration for early release because of Petitioner's BICE detainer should likewise be upheld.

### 3. Claim of Improper Designation to MCF

Petitioner's contention that his designation to MCF is illegal also misses the mark. The Bureau has contracted with the CCA, a private corporation, to house federal prisoners at MCF, a facility operated by CCA. The Bureau is responsible for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). The Bureau's authority in this area may include contracting out the care of prisoners to private facilities. Id. § 4013(a)(3).

Moreover, Petitioner's assertion that the Bureau may contract with private entities only with respect to the detention of inmates convicted under District of Columbia Code finds no support in the applicable law. To the contrary, such contracts are appropriate for "the housing, care, and security of persons held in custody . . . *pursuant to Federal law*," without further qualification regarding the law under which such persons were originally convicted. Id. (emphasis added). Thus, Petitioner's designation to MCF is lawful.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the Bureau and the CCA be **DISMISSED** from this case, that the petition filed pursuant to 28 U.S.C. § 2241 be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of September, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE