ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2010 NOV 30 PM 2:43

DUBLIN DIVISION

| | | |
|---|---|---|
| DAMIS FELLOVE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 310-058 |
| | ) | |
| WALT WELLS, Warden, et al. | ) | |
| | ) | |
| Respondents. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 7). The Magistrate Judge recommended dismissal of the instant petition for a writ of habeas corpus for failure to allege grounds on which relief under 28 U.S.C. § 2241 may be granted and failure to state a claim for violation of his constitutional rights. (Doc. no. 3.)

In his objections, Petitioner asserts that, contrary to the Magistrate Judge's recommendation, he has been unconstitutionally excluded from eligibility for the Drug Treatment Program by officials at McRae Correctional Facility and the Bureau of Prisons, which in turn prevents him from qualifying for early release upon completion of that program. (Doc. no. 7, pp. 1-2.) He also asserts that because he will not be deported upon completion of his sentence, and because he will not be removed even if he is subjected to deportation proceedings because of the political situation in his native Cuba, his detainer and his security classification containing a public safety factor of "Alien" is improper. (Id.)

Petitioner's objections lack merit. As noted by the Magistrate Judge, prisoners do not possess a liberty interest in early release, rehabilitative programs, or the place of their confinement. See McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano. 427 U.S. 215, 225 (1976); Moody

v. Daggett, 429 U.S. 78, 88 n.9 (1976); Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998). Nor do prisoners have a liberty interest in their security classification. Moody, 429 U.S. at 88 n.9. Furthermore, courts have held that a prisoner's equal protection rights are not violated when he is excluded from rehabilitative programs because of the imposition of a public safety factor or the existence of a detainer lodged against him by the Bureau of Immigration and Customs Enforcement ("BICE").[1] See, e.g., McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999) (holding exclusion of prisoners with detainers from community-based treatment insufficient to establish equal protection violation). Petitioner's remaining objections also lack merit, and do not warrant elaboration. As Petitioner has provided no basis for departure from the analysis in the Magistrate Judge's R&R, his objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the Federal Bureau of Prisons and Corrections Corporation of America are **DISMISSED** from this case, the petition is **DISMISSED**, and this civil action is **CLOSED**.

SO ORDERED this 30th day of November, 2010 at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Petitioner is attempting to challenge BICE's decision to lodge a detainer against him, relief is only available under § 2241 to one "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Of course, an individual does not have to be in BICE's physical custody to satisfy this requirement; rather, the "in custody" requirement is satisfied when an individual is subject to a final order of removal. See Kumarasamy v. Attorney Gen., 453 F.3d 169, 172-73 (3d Cir. 2006) (citing Simmonds v. INS, 326 F.3d 351, 356 (2d Cir. 2003); Aguilera v. Kirkpatrick, 241 F.3d 1286, 1291 (10th Cir. 2001); Mustata v. United States Dep't of Justice, 179 F.3d 1017, 1021 n.4 (6th Cir. 1999); Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir. 1995)). Nevertheless, BICE's lodging of a detainer against Petitioner, "standing alone, did not cause [Petitioner] to come within the custody of the [BICE]." Orozco v. United States Immigration and Naturalization Serv., 911 F.2d 539, 541 (11th Cir. 1990).